The court took time to deliberate, and afterwards
_ Chancellor Rutledge
delivered the decree of the court:
There is not the smallest reason to charge the defendants with any fraud or unfair conduct in this business. From a review of their accounts it is obvious that if the stock, &c. liad not been sold, it would have been absolutely necessary to have disposed of a great number of the negroes, for it is evident the debts could never have been discharged with the annual income of the estate: especially as there were a number of children to be maintained and educated out of it. The stock, &c. being sold, and debts to a large amount paid off, a sale therefore of the negroes became less necessary; and the executors could not on any principle whatever be justified in making it in the extensive manner they did, because they wore not only not authorised by their testator, but it was expressly against bis direction. As they were all consenting and joined in the sale, they must all be responsible for the debts; but not one for the separate act of the other. Consequently if any bad debts have been made, they must be all answerable for the loss. The case of Smith and Bonsall vs. executor of G. Smith, determined in this court, is directly in point; for the executor in that case disposed of the estate expressly against his testator’s directions, and when there was not an absolute necessity for doing it; and the court held him responsible for any-had debts. As it appears from the accounts of the executor, Walter, that he had a large sum of money belonging to the estate in his hands, and the estate was indebted to him on several bonds, that money must be applied to the extinguishment of those bonds, the balance being depre - ciated, and applied towards payment of one of the other bonds. We have no doubt the defendants thought they were doing right, especially as it is said they acted by the advice of counsel; but they set out on a mistaken principle by supposing the estate inadequate to the payment *521 ef its debts. This court however always discountenances the acts of executors, which are done directly contrary to the directions of their testator. It must be referred back to the master, to ascertain what was the net amount of the sales; what debts have been paid; and whether any, and to what amount are still unsatisfied; what funds of the estate remain in the executors hands; and the amount of the bad debts, if there are any.